**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Honeywell International, Inc., | ) | No. CV 12-00645-PHX-JAT |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Western Support Group, Inc. and Douglas C. Harmon and Cynthia A. Harmon, | ) | |
| Defendants. | ) | |

Currently pending before the Court is Defendants Western Support Group, Inc., Douglas C. Harmon, and Cynthia A. Harmon's Motion for Summary Judgment (Doc. 34). The Court now rules on this motion for summary judgment.

**I.    BACKGROUND**

In the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

Plaintiff Honeywell International, Inc. ("Honeywell") manufactures and sells various products used in the aerospace industry.  (Doc. 1 at ¶ 1; Doc. 35 at ¶ 1).  Among these products are auxiliary power units ("APUs"), which the FAA defines as "gas turbine engines intended to provide auxiliary electrical, pneumatic, or mechanical power to support the airplane systems operations."  (Doc. 37, Ex. B, TSO-C77b at 1).  Honeywell creates repair and maintenance manuals for the APUs it manufactures and sells.  (Doc. 35 at ¶ 2; Doc. 37

at ¶ 18).  One such manual is the Honeywell Pneumatic and Shaft Power Gas Turbine Engine Inspection/Repair Manual 131-9 Series (the "131-9A Manual").  (Doc. 35, Ex. A).  The 131-9A Manual is over 2,000 pages long and contains technical details on the APU and its components and various testing and repair procedures, including photographs, drawings, charts, and schematics that illustrate the text.  (Doc. 35, Ex. A; Doc. 37 at ¶ 19; *see* Doc. 35 at ¶¶ 8-11).

Honeywell does not sell copies of its manuals.  (Doc. 37 at ¶ 20).  Instead, Honeywell licenses its manuals to the owners of aircraft and to certain repair and maintenance facilities ("MRO"s), but retains ownership.  (*Id.*; *see* Doc. 34 at 4).  Honeywell's manuals contain a copyright notice.  (Doc. 35, Ex. A at CL000007; Doc. 37 at ¶ 20).  Honeywell's manuals also contain language that Honeywell describes as placing "some restrictions on the ability of the aircraft owner and the MRO to distribute licensed manuals to persons or entities not authorized by Honeywell to receive them," but allowing use of the manuals "as may be necessary to comply with FAA regulations."  (Doc. 37 at ¶ 22; *see* Doc. 35, Ex. A at CL000006-7).

Defendants Western Support Group, Inc., Douglas C. Harmon, and Cynthia A. Harmon (collectively, "Western Support") are in the business of "obtaining and distributing aircraft maintenance manuals for a service fee."  (Doc. 35, Ex. B at 1).  In 2001, Honeywell discovered that Western Support was copying and distributing various Honeywell manuals and initiated a copyright infringement suit.  (Doc. 37 at ¶ 23).  In 2002, the parties entered into a Settlement Agreement wherein Western Support "agree[d] that they shall not copy, sell, offer for sale, or distribute" Honeywell's manuals without written authorization from Honeywell.  (Doc. 1, Ex. A at 2; *see* Doc. 37 at ¶ 24).

In 2010, Honeywell claims that it discovered that Western Support had copied and sold a number of 131-9A Manuals without Honeywell's authorization.  (Doc 1. at ¶¶ 8, 10; Doc. 35 at ¶ 5; Doc. 37 at ¶ 25).  Honeywell claims that it owns the 131-9A Manual and holds a valid copyright.  (Doc. 1 at ¶ 9;  Doc. 35 at ¶ 6; *see* Doc. 37 at ¶¶ 19-20).  On November 29, 2011, Honeywell obtained a copyright registration for the 131-9A Manual.

(Doc. 1, Ex. B; *see* Doc. 35 at ¶ 6).

In 2012, Honeywell filed its initial Complaint (Doc. 1) against Western Support claiming that Western Support's copying and distribution of the 131-9A Manual (and possibly other yet-to-be identified manuals) infringes Honeywell's copyright and breaches the parties' 2002 Settlement Agreement.  (Doc. 1 at ¶¶ 11-18).  Western Support denies copying and distributing the 131-9A Manual (Doc. 17 at ¶¶ 8, 10, 12) and claims that, in any event, Honeywell does not hold a valid copyright for the manual (Doc. 34 at 2).  Western Support filed the present Motion for Summary Judgment (Doc. 34), Honeywell has responded (Doc. 36), and Western Support has replied (Doc. 39).  The Court now rules on the motion.

## II.     LEGAL STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support that assertion by "citing to particular parts of materials in the record," including depositions, affidavits, interrogatory answers or other materials, or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). Thus, summary judgment is mandated "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Initially, the movant bears the burden of pointing out to the Court the basis for the motion and the elements of the causes of action upon which the non-movant will be unable to establish a genuine issue of material fact.  *Id.* at 323.  The burden then shifts to the non-movant to establish the existence of a disputed material fact.  *Id.*  The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" by "com [ing] forward with 'specific facts showing that there is a genuine issue for trial.' " *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (quoting

Fed. R. Civ. P. 56(e) (1963) (amended 2010)).  A dispute about a fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Id.* at 247–48.  However, in the summary judgment context, the Court construes all disputed facts in the light most favorable to the non-moving party. *Ellison v. Robertson*, 357 F.3d 1072, 1075 (9th Cir. 2004).

## III.   DISCUSSION

For Honeywell to establish copyright infringement, it must prove: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'n, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991).  The Court reaches the issue of infringement only if Honeywell demonstrates that the 131-9A Manual is entitled to copyright protection.

### A.   The Validity of Honeywell's Copyright of the 131-9A Manual is in Genuine Dispute

With respect to the ownership of a valid copyright, Honeywell undisputedly registered the copyright for the 131-9A Manual with the United States Copyright Office on November 29, 2011.  Honeywell's certificate of registration entitles it to a "rebuttable presumption of originality" for the 131-9A Manual. *Ets–Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1075 (9th Cir. 2000) (*Ets-Hokin I*) (internal citations omitted); *see* 17 U.S.C. § 410(c) (registration "shall constitute prima facie evidence of the validity of the copyright").  To overcome the presumption of validity, Western Support must show why the 131-9A Manual is not copyrightable. *Ets-Hokin I*, 225 F.3d at 1076.

Western Support argues that the 131-9A Manual is not entitled to copyright protection because it lacks the requisite originality.  (Doc. 34 at 2).  Specifically, Western Support first argues that, as a matter of law, "aircraft maintenance manuals are not protected by copyright law." (Doc. 34 at 5).  Second, in its Reply, Western Support argues that the photographs, diagrams, and facts and procedures within the 131-9A Manual lack sufficient originality to

justify copyright protection.  (Doc. 39 at 2-8).

**1.      As a Matter of Law, Aircraft Maintenance Manuals Can Possess Sufficient Originality to Allow Copyright Protection**

Western Support offers a three-pronged rationale for its argument that, as a matter of law, aircraft maintenance manuals in general, and the 131-9A Manual, in particular, are not entitled to copyright protection: (1) manuals describe "procedures for checking and repairing aircraft parts," which cannot be copyrighted under 17 U.S.C. § 102(b); (2) the "identification of the aircraft parts to which each check and repair procedure applies  are simply facts"; and (3) manuals are not "original" works within the meaning of the Copyright Act because the publication, distribution, and "format and content of the manuals" is dictated by federal regulations.  (Doc. 34 at 1-2).

With regard to Western Support's first and second arguments, Western Support is correct insofar as copyright protections do not extend to "procedures" or facts.  Title 17 of the United States Code governs copyrights and specifies that "[i]n no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work."  17 U.S.C. § 102(b).  In *Feist*, the United States Supreme Court acknowledged that it is "universally understood" that "there can be no valid copyright in facts" and explained that "[n]o one may claim originality as to facts . . . because facts do not owe their origin to an act of authorship."  499 U.S. at 344, 347 (internal quotations and citation omitted).  Honeywell concedes this point, but argues that copyright nonetheless protects Honeywell's particular "expression" of those facts and the accompanying illustrations and descriptive text because they are original to Honeywell. (Doc. 36 at 5-6) (emphasis omitted).

Unlike the facts they are composed of, "[f]actual compilations . . . may possess the requisite originality" because the "compilation author typically chooses which facts to include, in what order to place them, and how to arrange the collected data so that they may be used effectively by readers."  *Feist*, 499 U.S. at 348.  Similarly to the inclusion of facts

within an original work, the inclusion of a "procedure" or "process" within an original work does not negate the copyright protection of the original aspects of the work—the copyright protection merely fails to extend to the actual "procedure" or "process." 17 U.S.C. § 102(b); *see* M. Nimmer & D. Nimmer, *Copyright* § 2.03[D] (2012) ("if a given 'procedure' is reduced to written form, this will constitute a protectable work of authorship, so as to preclude the unlicensed copying of 'the expression' of the procedure, even if the procedure *per se* constitutes an unprotectable 'idea'").

Assuming that aircraft maintenance manuals are generally compilations of facts and procedures,[1] the dispositive question, then, is whether any portion of an aircraft maintenance manual can ever possess the requisite originality to enjoy copyright protection, no matter how "thin"[2] the protection may be.  Rephrased in the language of *Feist*, the Court must decide whether it is possible for the author of an aircraft maintenance manual to creatively express the underlying facts and procedures by exercising discretion in the "choos[ing]," "order[ing]," and/or "arrange[ment]" of the included facts and procedures.  *See Feist*, 499 U.S. at 348.  To answer this question, Western Support submits its third argument: that FAA regulations "dictate the format and content of aircraft maintenance manuals, so there is nothing original about their creation."  (Doc. 34 at 15).

This Court has previously interpreted *Feist* and found that "[o]riginal, in copyright parlance, means only that the work was independently created by the author (as opposed to

---

[1] Western Support argues, and Honeywell has not disputed, that its 131-9A Manual contains numerous facts and procedures.  The Court's examination of the 131-9A Manual confirms this assessment.

[2] "A thin copyright 'protects against only virtually identical copying.'" *Express, LLC v. Fetish Group, Inc.*, 424 F.Supp.2d 1211, 1226 (C.D. Cal. 2006) (quoting *Satava v. Lowry*, 323 F.3d 805, 812 (9th Cir. 2003); *see also Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d at 766 (9th Cir. 2003) (*Ets-Hokin II*) ("When we apply the limiting doctrines, subtracting the unoriginal elements, Ets Hokin is left with . . . a 'thin' copyright, which protects against only virtually identical copying."); *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1439 (9th Cir. 1994) ("When the range of protectable expression is narrow, the appropriate standard for illicit copying is virtual identity.").

copied from other works), and that it possess[es] at least some minimal degree of creativity." *B2B CFO Partners, LLC v. Kaufman*, 787 F.Supp.2d 1002, 1007 (D. Ariz. 2011) (citing *Feist*, 499 U.S. at 345 (citing Nimmer, *Copyright* §§ 2.01[A], [B] (1990))) (internal quotations omitted).   This Court further found that "the requisite level of creativity[] is extremely low; even a slight amount will suffice.  The vast majority of works make the grade quite easily, as they possess some creative spark, no matter how crude, humble or obvious it might be." *Id.* (internal citation and quotations omitted).

With this minimal creative burden in mind, the Court must examine whether FAA regulations necessarily preclude originality in compliant aircraft maintenance manuals.  Both parties agree that aircraft maintenance manuals must be prepared in accordance with certain federal regulations promulgated by the FAA (the parties disagree, however, on which specific regulations govern the 131-9A Manual).  (Doc. 34 at 9-15; Doc. 36 at 8-10; Doc. 39 at 9-10).  As an example of the control over "format and content" exercised by such regulations, Western Support quotes (Doc. 34 at 11-15) the majority of Appendix A to Part 33, a regulation that "specifies requirements for the preparation of Instructions for Continued Airworthiness" of an aircraft engine.  FAA Instructions for Continued Airworthiness, 14 C.F.R. § 33, App. A (2012).  The Court's review of Appendix A reveals that, with regard to "format," compliance only requires a manual to "provide for a *practical* arrangement" and be in a form "*appropriate* for the quantity of data to be provided"; more specific instructions or a definition of "practical" or "appropriate" are not provided.  *Id.* at A33.2 (emphasis added).  Providing significantly greater specificity than the "format" regulations, the several pages of "content" regulations within Appendix A undoubtably reduce the scope for an author's creative expression.  *Id.* at A33.3.  A careful reading of these "content" regulations, however, reveals neither an explication nor an implication that compliance requires the author to cede *all* creative discretion in choosing, ordering, and/or arranging the included facts and procedures.  *See, e.g.*, *Id.* at A33.3(a)(2) (only requiring a "*detailed* description of the engine and its components, systems, and installations") (emphasis added); *Id.* at A33.3(a)(4) (only requiring "[b]asic control and operating information *describing* how the

engine" operates) (emphasis added).  The Court also notes that the Appendix A "content" regulations do not contain any prescription for or prohibition against the inclusion of diagrams, drawings, or photographs, except, perhaps, an implication that they be "appropriate" (a vague standard which the regulations do not define).  *See id.* at A33.3.

In sum, the Court finds that Appendix A, the aircraft-engine-manual regulation that Western Support offers as an example of how the FAA controls the "format" and "content" of aircraft maintenance manuals, does not foreclose the possibility that the author of an aircraft maintenance manual can exercise at least some creative control over the choosing, ordering, and/or arrangement of facts and procedures included in an aircraft maintenance manual.[3]  Where, like under Appendix A, the author may have at least a "slight amount" of creative control over some portions of an aircraft maintenance manual, the Court cannot find a lack of originality as a matter of law.  *See B2B*, 787 F.Supp.2d at 1007 (citing *Feist*, 499 U.S. at 345).

Western Support further argues that FAA regulations mandating the publication and distribution of aircraft maintenance manuals render the manuals unoriginal for the purposes of copyright protection.  (Doc. 34 at 7-9; Doc. 39 at 9-10).  Relying on dicta from *Feist*,[4]

---

[3] In its Motion, Western Support heavily relies upon *Gulfstream Aerospace Corp. v. Camp Sys. Int'l, Inc.*, 428 F.Supp.2d 1369 (S.D. Ga. 2006), as an "expla[nation] why aircraft maintenance manuals are not protected by copyright law."  (Doc. 34 at 5).  Western Support's reliance is misplaced, however, because the Georgia district court in *Gulfstream* held that defendants had successfully asserted a fair use defense, not that aircraft maintenance manuals are *per se* not copyrightable.  *Id.* at 1376, 1380-81.  Despite discussing why FAA manual regulations and the facts and procedures contained within a manual render "much" of the manual ineligible for copyright protection, the *Gulfstream* court acknowledged that portions of the manual *may* be protected by copyright and expressly avoided deciding whether or not the entirety of the manual at issue was foreclosed from copyright protection. *Id.* at 1375-76.

[4] "We note in passing that the selection featured in Rural's white pages may also fail the originality requirement for another reason.  Feist points out that Rural did not truly 'select' to publish the names and telephone numbers of its subscribers; rather, it was required to do so by the Kansas Corporation Commission as part of its monopoly franchise.  Accordingly, one could plausibly conclude that this selection was dictated by state law, not

Western Support claims that "when law requires that material be published, that material fails the originality required for copyright protection because it is the government, not the author, that controls the content." (*Id.* at 7). It is unclear how this argument differs from Western Support's argument that FAA regulations prescribe the format and content of aircraft maintenance manuals so completely that the author has no room for originality. Moreover, the cases Western Support relies on for support are unavailing because none held that the law requiring the creation of the various written works precluded, as a matter of law, creative expression by the author. *See Muncey v. Eyeglass World, LLC.*, 289 P.3d 1255, 1260 (N.M. App. 2012) (holding that the medical records at issue were solely "facts" because "[t]here is nothing in the record that indicates that any form of expression or creativity was involved in creating the fact-based patient files."); *Mid Am. Title Co. v. Kirk*, 59 F.3d 719, 722 (7th Cir. 1995) ("We do not mean to hold that a title commitment can never be copyrightable; rather, we hold that in this case the element of selection was not sufficiently original to merit copyright protection."); *Eng'g Dynamics, Inc. v. Structural Software, Inc.*, 26 F.3d 1335, 1351 (5th Cir. 1994) (reversing the district court's holding that computer/user interfaces in the forms of input and output formats are *per se* not copyrightable and remanding to determine if industry standards, as applied here, precluded sufficient originality).

Lastly Western Support argues that a recent FAA "policy statement concerning actions taken to 'inappropriately restrict the availability, distribution, and use of [aircraft maintenance manuals] through restrictive language in the [manual] or through restrictive access or use agreements' " renders aircraft maintenance manuals ineligible for copyright protection. (Doc. 34 at 15-16 (quoting Doc. 35, Ex. B-2, FAA Policy Statement at 1)). However, Western Support does not explain—and the Court finds no reason—why this FAA policy statement "intended to help . . . FAA employees . . . [and manufacturers like Honeywell] determine whether their [manual distribution] practices meet the intent of the

by Rural." *Feist*, 499 U.S. at 363.

CFR" is in any way relevant to the issue of whether aircraft maintenance manuals are *per se* not copyrightable.[5]  (Doc. 35, Ex. B-2, FAA Policy Statement at 1).

In sum, Western Support has not demonstrated that aircraft maintenance manuals, in their entirety, necessarily lack even the "slight amount" of creativity sufficient to render certain portions original and engender copyright protection. *See B2B*, 787 F.Supp.2d at 1007 (citing *Feist*, 499 U.S. at 345, 111 S.Ct. at 1287).  Accordingly, as a matter of law, aircraft maintenance manuals can possess sufficient originality to allow copyright protection, thin as it may be.

**2.      There is a Genuine Dispute of Fact Over the Originality of the 131-9A Manual**

Honeywell argues that its 131-9A Manual meets the low threshold for copyrightability described above because it contains hundreds of photographs, diagrams, and "expressions" of facts and procedures.  (Doc. 36 at 4-6).  Because Honeywell registered the copyright for the 131-9A Manual with the United States Copyright Office, Honeywell is entitled to a "rebuttable presumption of originality" for the 131-9A Manual.  *Ets-Hokin I*, 225 F.3d at 1075 (internal citations omitted); *see* 17 U.S.C. § 410(c) (registration "shall constitute prima facie evidence of the validity of the copyright").   To overcome the presumption of validity, Western Support must show why the 131-9A Manual is not copyrightable.  *Ets-Hokin I*, 225 F.3d at 1076. Consequently, in its Reply, Western Support argues that the photographs, diagrams, and facts and procedures within the 131-9A Manual lack sufficient originality to justify copyright protection.  (Doc. 39 at 2-8).

First, with regard to the photographs in the 131-9A Manual, "courts have recognized repeatedly that the creative decisions involved in producing a photograph may render it sufficiently original to be copyrightable and 'have carefully delineated selection of subject, posture, background, lighting, and perhaps even perspective alone as protectable elements

---

[5] At most, the FAA policy statement indicates that a manufacturer may not use restrictive language in its manuals to prevent an aircraft owner/operator from receiving maintenance from an FAA approved facility of the owner/operator's choice. (*See* Doc. 35, Ex. B-2, FAA Policy Statement at 3).

of a photographer's work.'" *Ets-Hokin I*, 225 F.3d at 1077 (quoting *Los Angeles News Serv. v. Tullo*, 973 F.2d 791, 794 (9th Cir. 1992) (quoting *United States v. Hamilton*, 583 F.2d 448, 452 (9th Cir. 1978))).  Western Support does not challenge specific photographs, but instead argues, generally, that the photographs in the 131-9A Manual are of utilitarian objects and "do not involve the skill of a professional photographer" because they are "plain shots . . . for practical application."  (Doc. 39 at 3).  In *Ets-Hokin I*, however, the court found that "straight on" photographs of a utilitarian object (a vodka bottle) with a plain background and "slight shadows" reflected creative decisions.  225 F.3d at 1077.  Here, the Court notes that the verbiage could describe many of the photographs at issue here.  (*See, e.g.*, Doc. 35, Ex. A, 131-9A Manual at CL000366-373).  Additionally, some of the photographs in the 131-9A Manual are actually a series of photographs of the same object from multiple angles and with the focus on varying parts of the object.  (*See, e.g.*, Doc. 35, Ex. A, 131-9A Manual at CL000311-313).  Such series of photos imply the potential for creativity because they require the photographer to choose from among many possible angles and portions of the object to zoom-in on.  Accordingly, Western Support has not met its burden of demonstrating that, as a matter of law, the photographs within the 131-9A Manual are devoid of originality.

Second, with regard to the diagrams in the 131-9A Manual, "diagrams, models, and technical drawings" enjoy copyright protection for their "form[,] but not their mechanical or utilitarian aspects."  17 U.S.C. §§ 101, 102(a)(5).  Western Support argues that, here, the "merger doctrine bars [the diagrams'] protection because the idea and expression of the diagrams are inseparable, *i.e.*, the diagrams cannot be expressed differently in substance to remain functional."  (Doc. 39 at 4).  Western Support, however, has offered no support for its claim that the diagrams in the 131-9A Manual cannot be expressed differently.  Moreover, some of the diagrams in the 131-9A Manual are exploded-parts drawings (*e.g.* Doc. 35, Ex. A, 131-9A Manual at CL000098, 333, 335, 337), which other courts have explicitly found can be expressed in multiple ways.  *See, e.g. Axxiom Mfg., Inc. v. McCoy Invs., Inc.*, 846 F.Supp.2d 732, 748 (S.D. Tex. 2012) (holding that the merger doctrine did not apply to an exploded-parts diagram because "more than one way exists in which to create an

1    exploded-parts drawing of the" particular object).  Western Support's conclusion that the

2    diagrams "cannot be expressed differently," therefore, is a question of fact for the jury.  *See*

3    *N. Coast Indus. v. Jason Maxwell, Inc.*, 972 F.2d 1031, 1034-35 (9th Cir. 1992) (declining

4    "to accept the view that, as a matter of law the differences in the placement of geometric

5    shapes should be regarded as trivial," and holding that the "plaintiff was entitled to have the

6    validity of its copyright determined by a trier-of-fact").  Accordingly, Western Support has

7    not met its burden of demonstrating that, as a matter of law, the diagrams within the 131-9A

8    Manual are devoid of originality.

9         Third, with regard to the facts and procedures in the 131-9A Manual, as discussed

10   above, compilations of facts and procedures can enjoy copyright protection if "possess[ing]

11   at least some minimal degree of creativity." *B2B*, 787 F.Supp.2d at 1007 (citing *Feist*, 499

12   U.S. at 345, 111 S.Ct. at 1287).  Western Support rehashes its arguments that the 131-9A

13   Manual contains only bare facts and procedures, not expressions of facts and procedures.

14   (Doc. 39 at 9).  The Court notes that Honeywell argues (Doc. 8-10) that the 131-9A Manual

15   is governed by Technical Standard Order C77b ("TSO-C77b") (submitted in its entirety as

16   Doc. 37, Ex. B at 6-30), and not Appendix A as Western Support contends.  TSO-C77b

17   includes only a single page of ten short paragraphs to explain the required components of an

18   aircraft maintenance manual prepared pursuant to it.  *Id.* at 30.  The Court further notes that

19   these  requirements contain less specificity and afford more potential discretion to the author

20   than those in Appendix A discussed above.  *See, e.g. id.* at ¶ 1.4 (only requiring

21   "[t]roubleshooting  information describing probable malfunctions, how to recognize those

22   malfunctions, and the remedial action for those malfunctions").  Giving the benefit of the

23   doubt to Honeywell (the non-moving party, as is required on a motion for summary

24   judgment), the Court recognizes that from this single page of FAA mandated instructions,

25   Honeywell produced an approximately 2,000 page manual—a feat which implies at least

26   some minimal level of creative control.  Accordingly, Western Support has not met its burden

27   of demonstrating that, as a matter of law, the expression of facts and procedures within the

28   131-9A Manual are devoid of originality.

In sum, the presence of photographs, diagrams, and expressions of facts and procedures within the 131-9A Manual give rise to a genuine dispute of fact regarding the originality of the 131-9A Manual.  Consequently, whether or not Honeywell possesses a valid copyright on the 131-9A Manual is question of fact for the jury.

**B.     Western Support's Alleged Infringement is in Genuine Dispute**

With respect to whether or not Western Support copied constituent elements of the 131-9A Manual that are original (and therefore the subject of a valid copyright), the presumption of validity imparted by registering a copyright does not extend to infringement, the second element of a copyright claim.  *Smith v. Jackson*, 84 F.3d 1213, 1219 (9th Cir. 1996).  If ownership of a valid copyright is established, then to avoid summary judgment a plaintiff asserting a claim for copyright infringement need only demonstrate a triable issue of fact as to whether the defendant "copied anything that was original to their work."  *Funky Films, Inc. v. Time Warner Entertainment Co., L.P.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist*, 499 U.S. at 361).

Here, Honeywell claims that Western Support has copied "the entire" 131-9A Manual, and not merely "only certain pages" from it.  (Doc. 36 at 7; *see* Doc 1. at ¶¶ 8, 10;  Doc. 35 at ¶ 5; Doc 36 at 5-6; Doc. 37 at ¶ 25).  Western Support, however, denies this allegation in its Answer to the Complaint.  (Doc. 17 at ¶¶ 8, 10, 12).   Nonetheless, in its Motion for Summary Judgment (Doc. 34) and Reply (Doc. 39), Western Support relies exclusively on the argument that, as a matter of law, the 131-9A Manual "is not protected by copyright law." (Doc. 34 at 9).  Accordingly, the Court finds the issue of whether or not Western Support copied the entire 131-9A Manual is an issue of fact in genuine dispute.  Critically, if Western Support copied the entire 131-9A Manual, and if any portion of the 131-9A Manual is protected by a valid copyright (which is also in genuine dispute), then Western Support necessarily infringed on a valid copyright held by Honeywell.  Therefore, Honeywell has asserted a triable issue of fact as to whether Western Support "copied anything that was original to [its] work."  *Funky Films*, 462 F.3d at 1076 (internal citation omitted). Accordingly, the Court denies Western Support's Motion for Summary Judgment with

respect to Honeywell's copyright infringement claim.

**C.    Honeywell's Breach of Contract Claim is in Genuine Dispute**

In addition to its copyright infringement claim, Honeywell's Complaint (Doc. 1) includes a claim against Western Support for breach of contract arising from a violation of the parties' 2002 Settlement Agreement (Doc. 1, Ex. A).  In a footnote in its Motion for Summary Judgement, Western Support argues that the breach of contract claim "is dependent on Honeywell prevailing on its copyright infringement claim. If Honeywell has no copyright protection in its [131-9A M]anual, the contract claim fails as a matter of law." (Doc. 34 at 2, n.1).[6]  Without deciding if Western Support's contention on this point of law is correct, the Court notes that it has not found that Honeywell "has no copyright protection in its [131-9A M]anual."[7]  Accordingly, the Court denies Western Support's Motion for Summary Judgment with respect to Honeywell's breach of contract claim.

**IV.   CONCLUSION**

Accordingly,

**IT IS ORDERED** denying Western Support's Motion for Summary Judgment (Doc. 34).

DATED this 4th day of April, 2013.

James A. Teilborg
Senior United States District Judge

---

[6] The Court notes that Western Support offers no argument, support, or analysis of its contention beyond the quoted footnote.

[7] The Court further notes that, regardless of the its findings on the copyright issue, Western Support's single, unsupported footnote is insufficient to justify summary judgment on the breach of contract issue. *See* Fed. R. Civ. P. 56(c)(1).