WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Honeywell International, Inc., | No. CV 12-00645-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Western Support Group; Douglas C. Harmon; and Cynthia A. Harmon, | |
| Defendants. | |

On April 24, 2013, this Court held a hearing on a discovery dispute between Plaintiff and Defendants. The discovery dispute concerned Defendants' failure to respond to requests for production served by Plaintiff. Defendants objected to the requests for production on the basis that the requests sought material outside the scope of the Complaint. After hearing full argument on this issue, the Court overruled Defendants' objections and ordered Defendants to respond to the requests for production. During the hearing, the Court also denied Defendants' motion to file a second motion for summary judgment in this case.

Defendants now move for reconsideration of this Court's rulings claiming that those rulings were the "result of clear error" and were "manifestly unjust."[1] According to

---

[1] Defendants filed a Motion for Judgment on the Pleadings on May 13, 2013. Defendants also filed the above-referenced Motion for Reconsideration on May 13, 2013. Defendants request that the Court defer ruling on the Motion for Reconsideration until

Defendants, the Court erred by: (1) considering a discovery dispute[2] at a hearing without allowing Defendants to file written briefs containing the basis of their objections to the requests for production; (2) failing to follow Local Rule 37.1's "contemplation" that a written motion to compel will be allowed; (3) allowing Plaintiff discovery that it is not entitled to; (4) overruling Defendants' objection "without allowing it to brief the dispute, fully presenting [sic] its legal authority to the court, as contemplated by the local and federal rules;" (Doc. 52 at 3) and (5) exercising its discretion in denying a second motion for summary judgment before Defendants were given a chance to file a reply in support of their motion for leave to file a motion for summary judgment.

Defendants request reconsideration of this Court's rulings pursuant to Local Rule of Civil Procedure 7.2(g).

> The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii,* 42 F.3d 1185, 1198 (9th Cir.1994); *United States v. Nutri–cology, Inc.,* 982 F.2d 394, 396 (9th Cir.1992). Motions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs. *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988). Nor is reconsideration to be used to ask the Court to rethink what it has already thought. *See United States v. Rezzonico,* 32 F.Supp.2d 1112, 1116 (D. Ariz. 1998) (citing *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.,* 99 F.R.D. 99, 101 (E.D. Va. 1983)).

*Motorola, Inc. v. J.B. Rodgers Mechanical Contractors*, 215 F.R.D. 581, 582-583 (D.

---

after it has ruled on the Motion for Judgment on the Pleadings. That request is denied.

[2] As is explained during the Rule 16 Scheduling Conference and in the Rule 16 Scheduling Order, it is this Court's standard procedure to attempt to resolve discovery disputes without briefing in the interests of judicial economy, expeditious litigation, and conservation of resources. As such, the Court does not allow the Parties to file written briefs on discovery disputes unless granted express leave of Court. *See*, *e.g.*, Doc. 26 at 4. Such leave is only given in exceptional circumstances. In the event of a discovery dispute, the Parties must make a joint conference call to chambers to allow a member of the Court's staff to obtain a brief description of the nature of the dispute and to schedule a time for the Court to hear the dispute. The Court then entertains the discovery dispute during a hearing.

Ariz. 2003). When the challenged order is not a final judgment or appealable interlocutory order, the Court will grant a motion for reconsideration if:

> (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence;
>
> (2) There are new material facts that happened *after* the Court's decision;
>
> (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or
>
> (4) The movant makes a convincing showing that the Court failed to consider material facts that were presented to the Court before the Court's decision.
>
> No motion for reconsideration shall repeat in any manner any oral or written argument made in support of or in opposition to the original motion.

*Id.* at 586; *see* LRCiv 7.2(g)(1) ("No motion for reconsideration may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

Defendants claim that this Court somehow violated LRCiv 37.1 and other unnamed local and federal rules in not allowing Defendants to submit written briefing regarding the discovery dispute. Defendants fail to point to the portion of the Federal Rules of Civil Procedure or this Court's local rules that mandates that this Court entertain *written* briefing on motions to compel. Although Local Rule of Civil Procedure 37.1 describes the applicable format a party must follow when a written motion for an order compelling discovery is filed, nothing in that local rule requires the Court to entertain written briefing. *See* LRCiv 37.1.[3] Moreover, this Court held a hearing on the discovery

---

[3] Further, even if LRCiv 37.1 did entitle Defendants to written briefing on a motion to compel, which it does not, the Court may, upon its own motion, suspend any of the local rules for good cause shown. *See* LRCiv 83.6. This Court has good cause for its

- 3 -

1  dispute and gave Defendants a full opportunity to make their arguments. Although
2  Defendants insist written briefing on this matter is necessary, they have failed to explain
3  why their oral briefing was inadequate.[4]

4  Moreover, based on Defendants' "additional briefing" in its Motion for
5  Reconsideration, Defendants simply seek to reargue the arguments that they made during
6  the discovery dispute hearing. This is prohibited by LRCiv 7.2(g) and is an improper
7  basis for a motion for reconsideration. *See* LRCiv 7.2(g)(2); *Above the Belt, Inc. v. Mel*
8  *Bohannon Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983) (stating that it is improper for
9  a party to use a "motion to reconsider to ask the Court to rethink what the Court had
10 already thought through—rightly or wrongly.").

11 In their Motion for Reconsideration, Defendants reiterate the arguments made
12 during the discovery dispute hearing; specifically, that Plaintiff's claims in this lawsuit
13 are limited to infringement related to the 131-9A Manual. The Court rejected this
14 argument during the discovery dispute, finding that the breach of contract allegations in
15 the Complaint were not limited to the 131-9A Manual.

16 Defendants next argue that "the issue here is what claims has Honeywell properly
17 plead under current federal pleading requirements that entitles it to discovery on those
18 claims. Further, whether any of those claims, even if properly plead, are subject to
19 dismissal at the pleading stage such that discovery is warranted on those claims." (Doc.
20 52 at 5-6). Defendants then launch into a discussion of the United States Supreme
21 Court's decisions in *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007) and
22 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Again, Defendants are simply rearguing

---

discovery dispute procedures and Defendants were fully informed of the Court's discovery dispute procedures at the Rule 16 Scheduling Conference and in the Rule 16 Scheduling Order.

[4] The Court notes that, during the telephone conference with the Court's staff setting the time for the discovery dispute, defense counsel gave several case citations to the Court, which the Court read prior to the discovery dispute. Defense counsel likewise relied on several cases during the discovery dispute hearing.

positions they already asserted at the discovery dispute hearing. Indeed, these same arguments were rejected by the Court at that hearing. As the Court noted during the hearing, Defendants' continued insistence that a motion to dismiss standard somehow applies to discovery is misplaced.

During the hearing, the Court found that the claims in Plaintiff's Complaint encompassed the discovery that Plaintiff seeks. Defendants' argument that Plaintiff is not entitled to discovery because those claims should have been dismissed at the pleading stage completely ignores the Court's ruling. On the pleadings currently pending before the Court, the Court has already found that "the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Defendants' impermissible repetition of arguments made during the discovery dispute in its Motion for Reconsideration does not warrant reconsideration of this ruling.

Defendants have failed to show that this case falls into any of the four situations that would entitle them to reconsideration of the Court's Order compelling responses to Plaintiff's requests for production. Based on the foregoing, Defendants' Motion for Reconsideration of the Court's Order compelling responses to the requests for production is denied. As such, Defendants shall respond to the requests for production within 10 days of the date of this Order.

Defendants next argue that the Court erred in denying their motion to file a second summary judgment motion. Defendants argue that the Court "committed clear error, or manifest error, and made an initial decision that was manifestly unjust because Western Support was deprived of its right to file a reply and argue its motion." (Doc. 52 at 11). The Motion for Reconsideration of the Court's decision to deny a second summary judgment motion is denied because the Court's ruling on Defendants' motion before they were given an opportunity to file a reply does not fall into any of the four situations that would entitle Defendants to reconsideration of that Order.[5]

---

[5] In their Motion for Reconsideration, Defendants request "the court reconsider its ruling based on the following authority it would have raised in its reply." (Doc. 52 at 12).

1  Finally, Defendants filed an Emergency Motion for Protective Order. In this
2 "emergency" Motion, Defendants seek a protective order staying discovery so that
3 Defendants do not need to respond to the discovery that the Court ordered Defendants to
4 respond to during the April 24, 2013 discovery dispute hearing. Defendants argue that
5 the Court must rule on their Motion for Judgment on the Pleadings before allowing
6 additional discovery to take place on issues relating to Plaintiff's breach of contract
7 claim. The Complaint in this case was filed on March 27, 2012. The Answer was filed
8 on May 9, 2012. A Motion for Summary Judgment on Plaintiff's copyright infringement
9 claim was filed on November 6, 2012. The Court denied the Motion for Summary
10 Judgment on April 4, 2013. As discussed above, on April 24, 2013, the Court held a
11 discovery dispute hearing and found that the information Plaintiff now seeks is relevant
12 to this case and should be produced by Defendants. Rather than complying with the
13 Court's Order, on May 13, 2013, Defendants filed a Motion for Reconsideration of the
14 Court's order compelling discovery and a Motion for Judgment on the Pleadings.

15  Defendants now claim that certain claims in the Complaint could never have
16 survived a 12(b)(6) Motion to Dismiss or the "pleading stage," and, thus, this Court must
17 not allow discovery to go forward on those claims until the Court has ruled on
18 Defendants' Motion for Judgment on the Pleadings. Despite Defendants' urgent
19 assertions that this Court must not let discovery go forward on claims that, in Defendants'
20 opinions, could not survive the pleading stage, Defendants' motion is, in effect, simply a
21 motion to delay the enforcement of this Court's prior Order. Defendants have had ample
22 time for over a year to challenge the sufficiency of the pleadings in this case. Instead,
23 Defendants waited until they received an adverse discovery ruling from the Court to
24 actually make such a challenge. Although Defendants claim they will suffer prejudice if
25 the Court does not issue an "emergency" protective order staying discovery, any such
26 prejudice is the result of Defendants' own dilatory actions in failing to challenge the

---

27
28 Defendants then proceed to reargue the exact law that they cited in their original Motion for Leave to File Motion for Summary Judgment. *Compare* Doc. 52 at 12-13 *with* Doc. 43 at 2-4).

sufficiency of the Complaint sooner in this case. Defendants will not be permitted to circumvent this Court's previous discovery rulings and to hold discovery in this case hostage until the Court can rule on a Motion for Judgment on the Pleadings that could have been filed at any point in the previous year and that is not yet fully briefed. Accordingly, Defendants' Emergency Motion for Protective Order to Stay Discovery and to Extend Discovery Cut-Off Date (Doc. 54) is denied.[6] Consistent with Federal Rule of Civil Procedure 37(a)(5), Plaintiff may move for its attorneys' fees incurred in filing a Response to Defendants' Emergency Motion for Protective Order.

Based on the foregoing,

**IT IS ORDERED** that Defendants' Motion for Reconsideration (Doc. 52) is denied.

**IT IS FURTHER ORDERED** that Defendants shall respond to the requests for production referenced herein within 10 days of the date of this Order.

**IT IS FURTHER ORDERED** that Defendants' Emergency Motion for Protective Order to Stay Discovery and to Extend Discovery Cut-Off Date (Doc. 54) is denied.

**IT IS FINALLY ORDERED** amending the Rule 16 Scheduling Order (Doc. 26) as follows:

**IT IS ORDERED** that all discovery, including depositions of parties, witnesses, and experts, answers to interrogatories, and supplements to interrogatories must be completed by August 1, 2013.

---

[6] Despite Defendants' insistence that this was not a discovery dispute filed without leave of Court in violation of this Court's Rule 16 Scheduling Order, a Motion for a Protective Order to Stay Discovery is a discovery dispute regardless of the reasons for the Motion. The Parties are reminded that all discovery disputes must be brought to the Court's attention via the discovery dispute procedures as set forth in the Rule 16 Scheduling Order. Failure to follow this Court's discovery dispute procedures in the future will result in the automatic denial of any written motion filed without leave of Court.

**IT IS FURTHER ORDERED** that all dispositive motions shall be filed no later than August 30, 2013.

Dated this 29th day of May, 2013.

_____
James A. Teilborg
Senior United States District Judge